```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                  Criminal No. 15-164(2)(DSD/BRT)
```

United States of America,

        Plaintiff,

v.                                                       **ORDER**

James Green(2),

        Defendant.

>   LeeAnn K. Bell, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN, 55415 counsel for plaintiff.
>
>   DeAundres D. Wilson, Esq. and Wilson Law Office, PA, 310 Groveland Avenue, Minneapolis, MN 55403, counsel for defendant.

This matter is before the court upon the motions for judgment of acquittal and for a new trial by defendant James Green. Green moved for judgment of acquittal at trial after the government closed its evidence. The court reserved decision on the motion until after the jury returned its verdict. The jury found Green guilty of conspiracy to distribute cocaine. After trial, Green renewed his motion for judgment of acquittal and moved for a new trial.

**I.  Rule 29 Motion**

On a defendant's motion for acquittal, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

In the present case, the government offered evidence that was more than sufficient to sustain a conviction. Therefore, denial of the motion is warranted.

**II.  Rule 33 Motion**

Upon the motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). The court has broad discretion to grant a new trial, but should do so "only sparingly and with caution." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004). Green argues that a new trial is warranted because the evidence was insufficient to support his conviction. Again, the court disagrees. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED** that the motions for judgment of acquittal and for a new trial [ECF No. 226] are denied.

Dated:  April 27, 2016

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court